**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4810**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MARVIN ALEXANDER WRIGHT,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Beaufort. Richard Mark Gergel, District Judge. (9:11-cr-00350-RMG-1)

Submitted: November 24, 2020                  Decided: December 22, 2020

Before MOTZ and HARRIS, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Kimberly H. Albro, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Columbia, South Carolina, for Appellant. Peter M. McCoy, Jr., United States Attorney, Columbia, South Carolina, Nick Bianchi, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marvin Wright appeals the district court's revocation of his supervised release and imposition of 60 months' imprisonment. Wright raises two arguments on appeal: The government erroneously withheld certain evidence in violation of Wright's due process rights, and insufficient evidence supported the district court's conclusion that Wright possessed drugs. For the reasons that follow, we affirm.

Supervised release revocation hearings are not "criminal prosecutions" under the Sixth Amendment. *United States v. Ward*, 770 F.3d 1090, 1097 (4th Cir. 2014). "[T]hus, the full panoply of rights due a defendant in such a proceeding does not apply to [supervised release] revocations." *Morrisey v. Brewer*, 408 U.S. 471, 480 (1972). Here, Wright was only entitled to the "minimum requirements of due process" and the requirements of Federal Rule of Criminal Procedure 32.1(b)(2). *See id.* at 488–89; *Ward*, 770 F.3d at 1098. After reviewing the record, we conclude that the district court's discovery orders provided for sufficient due process and, to the extent Wright identified evidence that the district court declined to provide, the court did not err in denying Wright's requests.

Turning to Wright's sufficiency argument, we review the district court's revocation of supervised release for abuse of discretion and its factual determinations underlying the conclusion that a violation occurred for clear error. *United States v. Dennison*, 925 F.3d 185, 190 (4th Cir. 2019). A district court need only find a supervised release violation by a preponderance of the evidence. *Id.* (citing 18 U.S.C. § 3583(e)(3)). Based on our review of the record, we conclude that there was ample evidence adduced at the revocation hearing from which the district court could conclude that Wright possessed the drugs at issue.

2

Accordingly, we affirm the judgment of the district court. We dispense with oral arguments because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*